UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WOLE EMANNUEL OGEDENGBE and<br>RAFAT FOLASHADE OGEDENGBE,<br><br>　　　　Defendants. | CASE NO. CR04-0248C<br><br>ORDER |

I.   INTRODUCTION

This matter has come before the Court on Defendant Wole Ogedengbe's motion for a new trial and for leave to supplement (Dkt. No. 120) and Defendant Rafat Ogedengbe's motion for acquittal (Dkt. No. 105). Having considered the papers filed by the parties in support of and in opposition to the motions, the Court hereby DENIES the motions.

II.   DISCUSSION

　　*A.   Defendant Wole Ogedengbe's Motion for a New Trial*

Defendant Wole Ogedengbe ("Mr. Ogedengbe") moved for a new trial pursuant to Fed. R. Crim. P. 33 (a), which permits a court to vacate any judgment and grant a new trial if the interest of justice so requires. The sole ground enumerated in the motion is the argument that the Court committed error in failing to give limiting instructions to the jury with respect to Defendant Rafat Ogedengbe's false exculpatory statements, as testified to by Special Agent Moore. Mr Ogedengbe also requests that he be

ORDER – 1

granted 45 days in which to supplement his memorandum of law in support of his motion. This request is denied, as Mr. Ogedengbe's motion is futile.

Prior to trial, the parties fully litigated the admissibility of Mrs. Ogedengbe's false exculpatory statements in the context of Mr. Ogedengbe's motion to sever or to exclude certain evidence at trial (Dkt. No. 59). The Court denied that motion (Dkt. No. 66), finding that the contested statements were admissible against Mr. Ogedengbe. Mr. Ogedengbe fails to indicate how his motion conforms to one of the limited circumstances under which this Court could depart from the law of the case in this matter. *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993).

The Court is mindful that Mr. Ogedengbe's motion was filed with the expectation that he would be allowed to supplement it after he had had time to review the trial transcript. However, this expectation does not excuse an utter failure to advance any arguments as to how the admission of Mrs. Ogedengbe's false exculpatory statements constituted clear error or resulted in manifest injustice (presumably the two possible grounds upon which the Court could depart from the law of the case). Moreover, with respect to the first ground, legal error, Mr. Ogedengbe has previously attempted and failed to show that the Ninth Circuit precedent applied by this court does not apply to Mrs. Ogedengebe's false exculpatory statements. There is no indication that there have been intervening events which would alter the legal analysis of this issue.

With respect to the second possible ground for reconsideration, manifest injustice, the Court notes that Special Agent Moore's testimony regarding the contested statements constituted only a small portion of the government's evidence against Mr. Ogedengbe. Under these circumstances, even if the Court's decision to admit evidence of Mrs. Ogedengbe's statement was in error, the Court does not find that this decision resulted in manifest injustice.

For the foregoing reasons, Mr. Ogedengbe's motion for a new trial is DENIED.

B.   *Defendant Rafat Ogedengbe's Motion for Acquittal*

Mrs. Ogedengbe's motion argues that there was an innocent explanation for her conduct, and that

ORDER – 2

where there is such an explanation, the government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the explanation involving criminal wrongdoing is the correct one. *United States v. Vasquez-Chan*, 978 F.2d 546, 549 (9th Cir. 1992).

As a preliminary matter, the Court notes that it is troubled by what it reads as the government's attempt to imply guilt on the basis of Mrs. Ogedengbe's decision not to testify. It is a well-established principle that a defendant in a criminal case has a constitutional right not to testify and that no inference of any kind, especially one regarding the defendant's guilt, may be drawn from the fact that a defendant did not testify. *See* 18 U.S.C. § 3481. Despite this, the government saw fit to comment in its brief in response to Mrs. Ogedengbe's argument regarding the existence of an innocent explanation that "[n]otably, defendant decided not to testify at trial and did not provide any innocent explanation for her conduct, preferring instead to rely on a defense of reasonable doubt." It was not Mrs. Ogedengbe's responsibility to supply an innocent explanation. Indeed, although there is a line of cases specifically discussing situations in which a defendant's behavior is entirely consistent with innocence, *see, e.g.*, *Vasquez*, 978 F.2d at 549, *United States v. Bishop*, 959 F.2d 820, 830-31 (9th Cir. 1992), the bottom line is still that the government must bear the burden of proving its case beyond a reasonable doubt.

The question presented on a Fed. R. Crim. P. 29 motion is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). Here, Mrs. Ogedengbe was charged with conspiracy to import heroin. In order to find the defendant guilty, the jury had to find beyond a reasonable doubt that a conspiracy existed and that Mrs. Ogedengbe was a knowing participant in the conspiracy. The record reflects that the government presented ample evidence to support both of these elements beyond a reasonable doubt, notwithstanding the possibility that an innocent explanation existed for Mrs. Ogedengbe's behavior. In particular, the Court notes that the following evidence strongly favored the government's theory of the case:

(a) Mrs. Ogedengbe traveled to and from Nigeria on the same itinerary as her

ORDER – 3

husband and at least three other couriers;

    (b) the itinerary was dis-jointed and indirect;

    (c) her layover time in Seattle, like that of her alleged co-conspirators, coincided with Rahman Ganiyu's;

    (d) the Seattle travel agent's testimony that (i) Mrs. Ogedengbe and Mr. Ganiyu purchased a one-way ticket for Mrs. Ogedengbe from Seattle to Houston in cash at the last minute; (ii) were reluctant to provide identification for Mrs. Ogedengbe and suggested that the agent falsify Mrs. Ogedengbe's telephone contact information; (iii) paid for the ticket with $100 bills from a wad in Mrs. Ogedengbe's purse, and (iv) asked about purchasing new luggage;

    (e) during the alleged conspiracy period, Mrs. Ogedengbe made 58 calls to Kudirat Ishola, who was in frequent contact with Mr. Ganiyu and Omotunde Abeeb, and who, one month earlier, had flown the same unusual route to Nigeria, and who had also been met by Mr. Ganiyu; and

    (f) made several false exculpatory statements.

The evidence above, in addition to other evidence elicited at trial, was sufficient to enable a rational trier of fact to find that a conspiracy existed and that Mrs. Ogedengbe was a knowing participant in the conspiracy.

Accordingly, Mrs. Ogedengbe's motion must be denied.

III. CONCLUSION

In accordance with the foregoing, the defendants' motions are hereby DENIED.

SO ORDERED this 15th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4